JAMES RICHARD DUFFACK, APPELLANT, v. JOHN W. KISSACK, DIRECTOR OF DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLEE.

223 N. W. 2d 484

Filed November 27, 1974. No. 39500.

Paul E. Watts, J. Joseph McQuillan, Gerald E. Moran, and George R. Sornberger, for appellant.

Clarence A. H. Meyer, Attorney General and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The driver's license of plaintiff Duffack was revoked by the Department of Motor Vehicles as a result of his refusal, on March 13, 1971, to take a sobriety test under Nebraska's implied consent law, section 39-727.03, R. R. S. 1943, now section 39-669.08, R. R. S. 1943. In this action he seeks to declare void the order of the Department of Motor Vehicles revoking his license. The District Court refused to do so and on appeal we affirm the judgment of the District Court.

The essential facts are as follows: On March 13, 1971, Duffack was driving in Omaha, Nebraska, and was stopped by a police officer who secured his driver's license and told him to wait in his car. Duffack got out of his car and approached the cruiser. The officer told Duffack to sit in his car until he gave Duffack his driver's license back. Duffack refused to return to his car and a scuffle between the officer and Duffack ensued. The officer placed him under arrest for driving while intoxicated and placed him in the cruiser. He was taken to the police station and refused to take any of the sobriety tests offered, and the evidence shows that the statutory procedure was properly followed in requesting him to do so.

Subsection (2) of the applicable statute, section 39-669 .08, R. R. S. 1943, requires that the arresting officer must have reasonable grounds for believing the driver to be intoxicated before his arrest. Duffack assigns as error that the evidence was insufficient to support such a determination by the officer. The officer testified that Duffack's car was weaving considerably back and forth and that several times he went up on the curb; that

during their scuffle or altercation Duffack himself was weaving and having a hard time standing up; that Duffack's speech was blurred and "thick-tongued"; and that there was a strong odor of alcohol on his breath at that time. There is other evidence as to his language and attitude that we need not repeat here. The record shows that Duffack admitted at the time of the trial most of the testimony of the officer in this respect. The contention that there was insufficient evidence to arrest the plaintiff is without merit.

The next contention is the evidence was insufficient to support a determination that his refusal to submit to a chemical test of his body fluids was unreasonable. Duffack contends that his refusal was reasonable because his antipathy to the arresting officer and the other circumstances was the result of his upset emotional state due to his pending divorce. Such a contention, of course, if accepted would emasculate the purpose and the enforcement of the statute by the simple expedient of testifying to some subjective, emotional stress or problem as an explanation and an excuse for the conduct and the erratic driving of a vehicle as evidenced in this record. Under the implied consent law, by its express terms, an operator of a motor vehicle is deemed to have consented to submit to a sobriety test if he operates a vehicle on the public highway, and is arrested for driving while intoxicated, upon reasonable grounds. The plaintiff himself voluntarily made the judgment that it was reasonable for him to drive on the public highways in the emotional condition he claims he was in. That being true, it must necessarily follow that he made a reasonable judgment, in spite of his emotional condition, to consent to all the necessary conditions and requirements that the law provides for driving upon a public highway. The plaintiff would have us believe he was entitled to drive upon the highway in an emotional condition that would, at the same

time, excuse him from complying with the implied consent law. Such a contention on its face is unreasonable.

The judgment of the District Court in refusing to void the order of the Department of Motor Vehicles revoking the plaintiff's license is correct and is affirmed.

AFFIRMED.